May I please support Robert H. Chavez for Petitioner Irineo Parrilla. I respectfully reserve two minutes for rebuttal. The issue in front of the court today is whether or not the Board of Immigration Appeals erred in concluding that the petitioner was convicted of an aggravated felony such that he is ineligible to any form of relief from removal. Mr. Parrilla is a permanent resident of the United States. He was placed in removal proceedings pursuant to Section 237A under the Immigration and Nationality Act. It is alleged that Mr. Parrilla is removable because he pled to an offense of communicating with a minor for immoral purposes under RCW 9.68A.090. In fact, Mr. Parrilla did, was convicted of that, of that violation in the Superior Court in King County, Washington. RCW 9.68A.090 states that a person who commits, who communicates with a minor for immoral purposes is guilty of a gross misdemeanor. It also states that unless this person has been convicted of a similar statute or any sexual offense under Chapters 9 and Chapters 9.8, then this is a Class C felony under the statute. Now, what this Court must consider is the statutory definition of communicating with a minor for immoral purposes. Why don't we get past that? I mean, even assuming that it doesn't meet the categorical test, in this case, at the plea, he virtually admitted what happened, right? In other words, there was a plea agreement. There was a plea agreement. The plea agreement incorporated this, so it's called in Washington the Certificate of Probable Cause, right? That is correct. And what does that, does that state, the statements there amount to an aggravated felony under the immigration laws? Well, under Shepard v. U.S., the Court is limited as to what the Court can look at in the the administrative record. But the limitation includes this document, doesn't it? And I'm not going to agree with that, because I believe that the Certificate of Probable Cause is a sort of police report. Well, let's say that, let's say in his plea agreement, he had said explicitly, I admit to all facts stated in the Certificate of Probable Cause. Are you saying we couldn't consider it? I will say that if he explicitly does say that, then we will agree that the Court  can look to this, or what was the language in the plea agreement? Well, we have to look at the statement of defendant and plea. In the defendant of defendant of plea of guilty, Mr. Perea pled to an amended information. Not only did he plea to an amended information, he made no factual admissions to the court. What about the factual basis for the plea? What did he say in his plea agreement? The plea agreement does state that for the purposes of the factual basis, we would allow the Court to be able to do that. Give us the exact language of the plea agreement on that point. I believe that the exact language of the plea agreement did state that he understands that the Court will review the Certificate of Probable, of Determination, I'm sorry, he will review the Certification for Determination of Probable Cause in determining if there is a factual basis for plea and for sentence. When the defendant in a State case in the plea agreement in writing for the factual basis of the charge says, I understand the Court will review a particular document, is that the same as an admission of the facts in the document? I will say it's not because the Certificate of Probable Cause was filed because the original charge in Mr. Perea's case was a charge of molestation in the first degree. Now, that Certificate of Probable Cause goes to that charge. Now he says the Court can look at that to determine the factual basis for the plea. I mean, he's admitting that that's the factual basis for the plea, isn't he? And then, you know, the last, the very, the last part of Shepard says this, and I'm quoting under Part 4, the Court can look at, quote, the terms of a plea agreement in which the factual basis for the plea was confirmed by the defendant. Isn't this, doesn't this fall into that category? I will say that it does not fall into that category because the Court also said in Shepard that the Court is not allowed to look at the police report, neither is it allowed to look at the complaint application. And my position is, is that the Certificate of Probable Cause is certainly a complaint application in this case. And therefore, the Court is not allowed to look at the Certificate of Probable Cause. I think you'd have an easy case under Shepard if there was some other type of statement in the, in the plea agreement that didn't refer to the Certificate of Probable Cause, and then the government was urging that we have to look at it. And similarly, the government would have an easy time of it if, if he had said explicitly, I admit to all facts in the CPC. So I guess this one's a little bit ambiguous in between. But it seems that that Shepard case, as I read it, is saying that there has to be a reasonable certainty that he pleaded, that a defendant pleaded to facts that constitute the generic offense. And why isn't there, assuming that that's a fair reading of Shepard, why isn't there a reasonable certainty that, that he was admitting to the facts in the CPC? The reason why is because you've got to remember that the original charge in this case is not what he pledged, that is not the charge that Mr. Perea pledged. The original charge in this case, to which the Certificate of Probable Cause goes to, goes to the original charge. It doesn't go to the amended information. But he referred to it as the, as the factual basis for his plea to the amended charge. What I will say is that I think that there was no factual basis made in this case. And the only way that we could find out if there was a factual basis made is we have to look at the transcripts of the colloquy in order to figure out what was that factual basis. Now, in the Certificate of Probable Cause, there are a lot of facts that Mr. Perea is not a sentencing. And that is evident when he says, I am taking the plea in order to take advantage of the sentencing recommendation made by the State. That is why he's taking the plea. Now, by stating that, he's asserting his innocence. And therefore, our position is, is that the Court should not be allowed to take a look at the Certificate of Probable Cause to determine whether or not the offense is a, is an aggravated felony. I will reserve my one minute. Roberts. Thank you, sir. May it please the Court. Mr. Byer. Yes. Right. I apologize. I think I said Bayer earlier. No, you've been very consistent and very right. I don't know. I must have a friend who pronounced the same spelling different. You go ahead. May it please the Court. To follow on to the discussion with opposing counsel, let's take a look at what the Certificate for Determination of Probable Cause actually says. It says that Petitioner admitted that he touched the victim between her legs, underneath her dress, while he was intoxicated. He was sorry for doing this. The plea agreement said not only can the Court, in deciding whether to accept the plea, consider the Certificate for Determination of Probable Cause, but can also consider the prosecutor's summary. Which is on page 125, which expressly incorporates the Certificate of Probable Cause. And it further said, here's a copy of the letter that I wrote to the parents. Now, the letter is not in the record, but the Certificate for Determination of Probable Cause says it refers to the letter. Well, when he says the Court can consider it, is that the same as saying I admit to the facts in it? In this case, at least, Your Honor, yes, it is. Because it's almost like a no-look plea, isn't it? I mean, he's not in so many words saying, you know, I engaged in this conduct. But he's sort of saying, well, the Sheriff says this is what I did, and I'm not contesting it. There's a little more to what he said than that. He said, I've reviewed the evidence with my attorney. I think there's a fair likelihood that I'll be convicted if I went to trial. And for that reason, I'm taking the plea. How do you read Shepard? You don't have to agree with what I'm going to say right now. But here's how I'm reading it. If he had said in his plea agreement, I admit to the facts in the CPC, easy case for the government, definitely win. If he had said something and hadn't referred to the CPC, but then the government came in to rely on it later, pretty easy case that he should win. But where he does something in the middle, saying you can look to the CPC as the factual basis, but he doesn't say, I admit all those facts explicitly, what's the standard under Shepard or the language in Shepard that we should look to that gives the most guidance? Well, the Shepard didn't articulate a specific, precise rule. It articulated a standard. It talked about documents, court documents that established within a reasonable  As I took it, Shepard was rejecting, considering a police report, if it was just brought in by the government to buck up a conviction where the plea agreement and the charging document or the jury verdict and the charging document or jury instructions didn't make out the generic offense. That's correct, Your Honor. Let me at this point mention one of the important things about Shepard and Taylor as well is that these are cases that at some point, according to Justice Thomas' concurrence, bump up against the Apprendi issue and the Sixth Amendment. And the Sixth Amendment is really not in play in removal proceedings like this. And so Shepard is not articulating a rule that must be followed in this case. I thought that there was some language in there about having some reasonable certainty to what the person had pleaded. Yes. And the consideration that underlay the Taylor case was avoiding the need for mini-trials and also ensuring consistently with constitutional rights that a criminal defendant does not suffer an enhanced sentence when it's not entirely clear that he, that his prior conduct fit the specific Federal classification. And that's why Taylor articulated these various rules. Well, assuming that, and of course, I'm just one member of the panel. I don't know how the other panel members would view it. Assuming that I wanted to look at the law under Shepard to say that there had to be a reasonable certainty that in his plea agreement, the accused was agreeing to the generic elements. I think in this case, Your Honor, based on the terms of the Certificate for Determination of Probable Cause, there's certainly reasonable certainty. It's quite, I think, strong. If this was a case where the Certificate for Determination of Probable Cause is two pages, if only the... Not reasonable certainty as to what the underlying case was in a mini-trial, but like reasonable certainty that that's what was, what he was pleading to. Correct, Your Honor. His plea indicated that the court could, that the sentencing court could consider this certificate, which includes evidence of his own admission of the crime. I take it you're saying, pardon me, the closer the Supreme Court moves this into Apprendi and Blakely land, the further it gets away from being relevant to immigration cases. That's correct, Your Honor. The Board of Immigration Appeals has followed a process very similar to Taylor before it was articulated. The board did not adopt the Taylor approach in response to that decision. And it's free, it's not required by any principle of law to continue to follow Taylor, to follow Shepard to the T. This is just simply not a case where the Sixth Amendment and the considerations animating Shepard and Taylor apply. But furthermore, the Shepard case is of relevance to this case only if the court chooses to decide it on the basis of the modified categorical approach. And in this case, the board clearly held that any offense under this statute constitutes sexual abuse of a minor. What if the statute covers someone getting on the phone with a minor and telling them you should watch some cable TV show that has pornography on it or something like it? Could that violate the state statute? Or they say you should get an abortion. Might that violate the state statute? The latter case, I would think probably not because I don't think the latter case is a sexually predatory, sexually predatory intent. The first case... I think the state court has had a construction of its broad language in the statute to say it has to involve sexual misconduct. Involving the minor in sexual misconduct. Yes, the requirement that the communication be for an immoral purpose has been limited to mean sexually immoral purposes and sexually predatory purposes. So let's say somebody called a minor and said you should come with me to watch some pornographic movie, but they didn't touch the person. I think that probably... Could that be sexual abuse under the generic elements? I believe so, Your Honor. I think that first of all... Was it an illegal pornographic movie or an illegal one? That's correct. The gist of the standard for sexual abuse of a minor is the use or enticement of a child, there's other phrases as well, to engage in sexually explicit conduct or some other form of sexually... As I recall, though, I mean, there's... We have some case law that at least worries about whether or not, you know, pure speech alone can amount to a prohibited crime, right? Well, Your Honor, this statute doesn't punish mere speech. Well, it... It punishes... I'm not so sure about that. It includes... The reason you got... In fact, I think, in my view, that's why it's more comfortable here to take the modified categorical approach because the facts clearly include physical conduct. In fact, the Washington Supreme Court case, you know, says communication can include more than verbal communication. Yes. Right? Yes. Which means touching. So that, in a way, makes it easier, you know, to make it morally reprehensible, I suppose. Well, Your Honor, the Barron-Medina case said that the term sexual abuse of a minor is expansive. And Congress, as explained by the board in the Rodriguez-Rodriguez case, expressly held that there was no physical contact requirement. I've seen some unpublished Washington court decisions that say things like sending a sexually improper e-mail to a child with the intent to provoke them or to... for predatory purposes would be a violation of the statute. The nature of the offense is such... I see my time has expired. May I conclude? You can complete your sentence. Okay. Responding to Judge Teshek. To start again, the nature of the offense is such that the mere exposure of the child to sexually predatory language is abusive. It's mentally... It causes mental harm, or Congress could have reasonably concluded that it causes mental harm. You don't want to edge into another sentence there. Okay. And thank you for your argument. By the way, I just want to... I want to tell you, at least I appreciate your appearance in these three cases. You know, sometimes we get these multiple immigration cases, and people will get three different attorneys on order for three different... 10-minute cases, and I'm glad to see you saving the government money there. And besides that, you did a fine job. Thank you, Mr. Vez. I appreciate that. Thank you. I just want to reiterate a point I made earlier, and that is that our position is that the Court is not, will not, should not be allowed to take a look at the police report's complaint applications in order to ascertain whether or not the conduct that Mr. Perea was involved can be seen as an aggravated felony. And therefore, Your Honors, I do ask the Court to reverse the Board of Immigration case. Thank you. Thank you both for your excellent arguments. We appreciate the spirit of debate of counsel. The Perea case will now be submitted, and we will adjourn for 15 minutes. So again, thank you to both counsel, and we will adjourn. All rise. This Court stands to recess for 15 minutes.
judges: Fernandez, Tashima, Gould